10-3504-cv
State Farm Fire & Cas. Co. v. Nutone, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of June, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
          RALPH K. WINTER,
          BARRINGTON D. PARKER,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
STATE FARM FIRE & CASUALTY COMPANY,
a/s/o Kevin Curran and Elizabeth
Curran,
          <u>Plaintiff-Appellant</u>,

          -v.-                                          10-3504-cv

NUTONE, INC.,
          <u>Defendant-Appellee</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR PLAINTIFF-APPELLANT:     Stuart D. Markowitz, Law Offices
                             of Stuart D. Markowitz, P.C.,
                             Jericho, New York.

FOR DEFENDANT-APPELLEE:      Marc Rowin, Lynch Rowin LLP, New
                             York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Wall, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-Appellant State Farm Fire & Casualty Company ("State Farm") appeals from an August 11, 2010 judgment entered in the United States District Court for the Eastern District of New York (Wall, M.J.) in favor of Defendant-Appellee Nutone, Inc. ("Nutone") dismissing State Farm's claims of design defect and negligent failure to warn. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"In reviewing a district court's decision in a bench trial, we review the district court's findings of fact for clear error and its conclusions of law de novo." White v. White Rose Food, 237 F.3d 174, 178 (2d Cir. 2001). "Under the clearly erroneous standard, there is a strong presumption in favor of a trial court's findings of fact if supported by substantial evidence. We will not upset a factual finding unless we are left with the definite and firm conviction that a mistake has been committed." Id. (internal quotation marks omitted).

**[1]** To establish a prima facie case in a strict products liability action predicated on a design defect, a "plaintiff must show that the manufacturer breached its duty to market safe products when it marketed a product designed so that it was not reasonably safe and that the defective design was a substantial factor in causing plaintiff's injury." Voss v. Black & Decker Mfg. Co., 59 N.Y.2d 102, 107 (1983). "A manufacturer who places a defective product on the market that causes injury may be liable for the ensuing injuries. A product may be defective when it contains a manufacturing flaw, is defectively designed or is not accompanied by adequate warnings for the use of the product." Liriano v. Hobart Corp., 92 N.Y.2d 232, 237 (1998) (internal citations omitted). "[A] manufacturer of a product may not be cast in damages, either on a strict products liability or negligence cause of action, where, after the product leaves the possession and control of the manufacturer, there is a subsequent modification which substantially alters the product and is the proximate cause of plaintiff's injuries."

Robinson v. Reed-Prentice Div. of Package Mach. Co., 49 N.Y.2d 471, 475 (1980).

State Farm contends that the magistrate judge erred by placing the burden on State Farm to prove that: (1) the ceiling fan did not contain a thermal cut-off ("TCO") as manufactured; and (2) the ceiling fan was not substantially modified after leaving Nutone's possession. We disagree. The magistrate judge's findings of fact and conclusions of law make no mention of the burden of proof. Instead, the magistrate judge relied on documentary evidence and expert testimony in concluding that the ceiling fan was designed and manufactured with a TCO and that the ceiling fan was modified at some point after leaving Nutone. Although neither party could identify who removed the TCO, the magistrate judge credited testimony that, sometimes, "workers do unexpected things in the field." State Farm Fire & Cas. Co. v. Nutone, Inc., No. CV 05-4817(WDW), 2010 WL 3154853, at *8 (E.D.N.Y. Aug. 9, 2010). These findings of fact are not clearly erroneous with respect to State Farm's design defect claim.

**[2]** To prevail on a claim for negligent failure to warn, a plaintiff must demonstrate that (1) a manufacturer has a duty to warn (2) against dangers resulting from foreseeable uses about which it knew or should have known, and (3) that failure to do so was the proximate cause of the harm. See Liriano, 92 N.Y.2d at 237. "A manufacturer has a duty to warn against latent dangers resulting from foreseeable uses of its product of which it knew or should have known." Id.

As the magistrate judge concluded, State Farm offered no evidence showing that Nutone's failure to warn was a substantial factor in causing the fire. Nutone, 2010 WL 3154853, at *9. There was no evidence as to where a warning should have been placed, what it should have said, and whether it would have been heeded. Accordingly, the magistrate judge's findings are not clearly erroneous.

We have considered all of State Farm's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK